## No. 6596.

### D. & J. D. EDWARDS vs. L. J. OLMSTEAD ET ALS.    J. M. LEWIS vs. L. J. OLMSTEAD ET ALS.

It is only where there is a contract that the rights given by Arts. 2772, 2773, and 2774 of the Civil Code exist in favor of the mechanics and under-workmen and furnishers of materials.

Notice by the workmen and material-men, after the maturity of an instalment, can have no effect, even though its payment may have been anticipated.  Having no contract themselves with the owner, they are only subrogated to the rights of the principal contractor by complying with the provisions of the law and delivering their attested accounts in anticipation of the maturity of an instalment, or the making a payment on the contract.

A workman, who had delivered his attested account to the owner before the maturity of the last instalment, is entitled to payment to the exclusion of those who had not complied with that prerequisite.

APPEAL from the Fourth District Court of New Orleans.    LYNCH, J.

*Hornor & Benedict* and *Baker* for Plaintiffs.    *Clarke, Bayne,* and *Renshaw* for Lewis.    *Forman* for Brien.

Edwards *vs.* Olmstead.

Lewis contracted with Olmstead to make certain improvements and repairs of a store and warehouse. D. & J. Edwards, furnishers of materials and machinery used by Olmstead in the work, sued Lewis for them on a balance of accounts on the ground that credit was given to Lewis, and that Olmstead was acting only as his agent in the purchase. They had filed with Lewis an attested account under the statute. The other parties are workmen and material-men, who were called in by Lewis in order that the sums due each and all might be judicially ascertained, and what proportion each should receive of the balance due Olmstead by him on the contract.

EGAN, J. We are satisfied Olmstead occupied toward Lewis no other relation than contractor. The contract was not recorded. The chief contractor, not having recorded, has no privilege, and the under-workmen and material-men can have none when the contractor with whom they dealt has none. Bohn *v.* Pagand, 26 Ann. 221. Art. 2772, par. 6, gives the creditor the same privilege as the contractor, to whose rights he has been subrogated, to the extent of any balance due the contractor. This, however affects the question of privilege only, and not the rights resulting from the parties having furnished Lewis their attested accounts against Olmstead. Lewis' good faith is not impugned and the balance he owes on the contract is fixed at $1,740. It is, however, insisted that he anticipated payments. No payments were made by him after the attested accounts were filed with him, and it is of no concern to the claimants if Lewis did anticipate any payment which had fallen due before they delivered to him their attested accounts. 3 A. 504. J. H. Breen alone delivered to Lewis his attested account before the maturity of the last instalment, and is therefore entitled to be paid in full, with interest from that maturity. Nothing can be presumed in a case of this kind where the claims of parties rest upon strict law. All others, save Breen only, have failed to prove the delivery to Lewis of their attested accounts. After maturity, Lewis might have paid attested accounts as they were presented to him, and he would have been protected in it.

*Judgment reversed, and fund distributed in accordance with the opinion.*